IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03293-BNB

R. KIRK McDONALD,

      Plaintiff,

v.

ZIONS FIRST NATIONAL BANK N.A.,
DIANE HARTZ WARSOFF, V.P., Zions First National Bank, individually & personally,
BLOOM MURR ACCOMAZZO & SILER, a Colorado Law Firm,
JOSEPH A. MURR, employee of "BMAS" individually & personally,
DANIEL R. DELANEY, employee of "BMAS" individually & personally,
MARIS S. DAVIES, employee of "BMAS" individually & personally,
SIOBHAN GEMBA, paralegal-office manager of "BMAS" individually & personally,
ROBERT THOMAS MOORHEAD, Chief Judge of Eagle County, individually &
      personally,
RONDA HIGGINS, Eagle County, Clerk's Office, Law Clerk for the Honorable, Robert
      Thomas Moorhead individually & personally,
JACKIE COOPER, Eagle County, Clerk of the Court, individually & personally,
5th JUDICIAL DISTRICT-EAGLE COUNTY, Clerk of the Court-Eagle County, Jackie
      Cooper in their Eagle County & official capacities as clerk of the court,
5TH JUDICIAL DISTRICT-EAGLE COUNTY, a governmental entity of the state of
      Colorado, and
EAGLE COUNTY, a governmental entity for and of the state of Colorado,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

      Plaintiff, R. Kirk McDonald, has filed *pro se* a Complaint With Jury Demand (ECF

No. 1) that is ninety-five pages long and includes a total of fifty claims for relief under

federal and state law.  Another seventeen pages of exhibits are attached to the

complaint.  The court must construe the complaint liberally because Mr. McDonald is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. McDonald will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. McDonald fails to provide a short and plain statement of his claims showing he is entitled to relief primarily because the complaint is prolix and repetitive.  In addition, despite the fact that the complaint is ninety-five pages long, Mr. McDonald fails

to provide specific factual allegations in support of each asserted claim showing he is entitled to relief.  For example, Mr. McDonald fails to allege specific facts in support of his federal constitutional claims that demonstrate each named Defendant personally participated in the asserted constitutional violations.  *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  Mr. McDonald also fails to allege facts in support of his federal constitutional claims that demonstrate the named Defendants were acting under color of state law.  *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (stating that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights"); *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Mr. McDonald may assert his § 1983 claims only against persons who acted under color of state law.

Mr. McDonald will be directed to file an amended complaint that clarifies the claims he is asserting in this action.  Mr. McDonald must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se*

pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Mr. McDonald should not include legal argument in the amended complaint he will be ordered to file.  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Accordingly, it is

ORDERED that Mr. McDonald file, **within thirty (30) days from the date of this order**, an amended Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. McDonald shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. McDonald fails to file an amended Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED December 20, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge